UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HARVEY TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:13-cv-015-WTL-WGH |
| | ) | |
| WARDEN, FCI, TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Harvey Turner for a writ of habeas corpus must be denied.

**I.**

**A.**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The dispositive question here is whether Turner's habeas claim permits him to traverse the portal created by § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

**B.**

Turner is serving the executed portion of a lengthy sentence imposed by the United States District Court for the Northern District of Illinois. He filed this action for habeas corpus relief while he was confined in this District.

Turner was convicted pursuant to his plea of guilty to: (count 1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § § 922(g)(1) and 924(c); (count 2) possession of a controlled substance with intent to deliver, in violation of 21 U.S.C. § 841(a)(1); and (count 3) possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Turner's plea of guilty was entered without the benefit of a plea agreement. *See United States v. Turner*, 191 Fed. Appx. 488, 489 (7th Cir. 2006) (unpublished).

At the time of Turner's sentencing, "the district court concluded – with Turner's full agreement – that Turner [was] a career offender under U.S.S.G. § 4B1.1 and that, accordingly, he faced a guidelines imprisonment range of 292 to 365 months." *Id.,* 191 Fed. Appx. at 489.

Turner's direct appeal was dismissed after his attorney was permitted to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). He then filed a motion for relief pursuant to 28 U.S.C. § 2255 on January 29, 2007. That motion was denied in a minute entry. *United States v. Turner,* (N.D.Ill. April 26, 2007). His appeal from that decision was docketed as No. 07-2588 and was dismissed for procedural reasons on August 20, 2007. The trial court found in the § 2255 motion that Turner had not been denied the effective assistance of counsel under either *United States v. Cronic,* 466 U.S. 648 (1984), or *Strickland v. Washington,* 466 U.S. 668 (1984). The trial court also considered and rejected Turner's argument that he was improperly determined to be an "armed career criminal" or "career offender" for purposes of determining the

appropriate advisory sentencing guidelines range. The trial court's explanation on this latter matter was the following:

> Turner's failure to raise this issue on appeal to the Seventh Circuit in his Circuit Rule 51(b) response results in Turner procedurally defaulted this claim. Turner does not argue cause and prejudice for the procedural default, *see Fuller,* 398 F.3d at 648, nor that enforcing the procedural default would lead to a "fundamental miscarriage of justice." *Anderson,* 471 F.3d at 815. Even if Turner had not procedurally defaulted his claim, it fails on the merits because he did not object to his status as a career offender before or during sentencing. In fact, Turner admitted in his sentencing position paper that he "is easily classified as a career offender in accordance with § 4B1.1(c)(3)." Last, allegations that the Court misapplied the sentencing guidelines are not reviewable under Section 2255. *United States v. Wisch,* 275 F.3d 620, 625 (7th Cir. 2001). Accordingly, Turner's claim based on Sentencing Guideline § 4B1.1(c)(3) fails.

Turner's appeal from that decision was docketed as No. 07-2588 and was dismissed for procedural reasons on August 20, 2007. A subsequent Rule 36 motion was denied by the trial court.

Turner then filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus in the District of Minnesota. He again asserted that his guideline imprisonment range was incorrectly determined and improperly enhanced pursuant to USSG § 4B1.1(a). That court denied Turner's habeas petition, concluding that Turner failed to demonstrate that the remedy of "§ 2255 [was] inadequate or ineffective." *Turner v. Fisher*, 2011 WL 5176808, at *2 (relying on *Glover v. Tamez,* 426 F. App'x 342, 343 (5th Cir. 2011) (per curiam) (stating that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241").

**C.**

As noted, Turner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He asserts the same claims which were presented in the habeas action in the District of Minnesota.

The Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the prisoner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). *See Romandine v. United States,* 206 F.3d 731, 734 (7th Cir. 2000) (a prisoner can't file multiple collateral attacks just by omitting the designation "28 U.S.C. § 2255" from a motion substantively under that section); *Talbott v. Lappin,* 2000 WL 1124950 (S.D.Ind. July 31, 2000).

**D.**

Turner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Thus, this § 2241 action must now be dismissed.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 09/16/2013

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Harvey Turner
Reg. No. 17391-424
VICTORVILLE MEDIUM II FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO BOX 3850
ADELANTO, CA 92301

Electronically Registered Counsel